BLD-258                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2160
_____

IN RE:  WILLIAM A. HIMCHAK, III,
                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-17-cv-01870)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 15, 2019
Before:  AMBRO, KRAUSE and PORTER, Circuit Judges

(Opinion filed: August 21, 2019)
_____

OPINION*
_____

PER CURIAM

William A. Himchak, III, filed this pro se petition for a writ of mandamus,

alleging that the United States District Court for the Middle District of Pennsylvania has

unduly delayed in adjudicating his petition for a writ of habeas corpus.  For the reasons

that follow, we will deny the mandamus petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In October 2017, Himchak filed a federal habeas petition in the District Court challenging his state criminal proceedings on charges of intercepting and disclosing communications. In November 2017, the District Court dismissed Himchak's petition without prejudice because he had not paid the filing fee or filed an application to proceed in forma pauperis (IFP). Himchak then filed a plethora of documents in the District Court, an appeal to this Court which we dismissed for lack of jurisdiction, see Himchak v. Pennsylvania, No. 18-1264 (order entered Apr. 17, 2018), and a mandamus petition in this Court which we denied, see In re Himchak, No. 18-3002 (order entered Feb. 14, 2019). In our opinion denying Himchak's previous mandamus petition, we noted that, as of February 2019, he still had not paid the filing fee or filed a properly completed application (including the required inmate account statements) to proceed IFP in the District Court.

In April 2019, Himchak filed a renewed IFP application—this time including some of his inmate account statements—in the District Court. It has not yet ruled on that application. Himchak then filed this mandamus petition here. He primarily asks us to direct the District Court to adjudicate his habeas petition and to order a different judge assigned to his case.

A writ of mandamus is a drastic remedy available only in extraordinary cases. See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must show that "(1) no other adequate means exist to attain the relief he desires, (2) the party's right to issuance of the writ is clear and indisputable,

2

and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks and citation omitted).

Generally, a court's management of its docket is discretionary, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982), and there is no "clear and indisputable" right to have the District Court handle a case in a certain manner, see Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). Although we may issue a writ of mandamus when a district court's "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), that situation is not present here.

The delay in adjudicating Himchak's habeas petition has resulted primarily from his own failure to either pay the filing fee or file a properly completed application to proceed in forma pauperis in the District Court. Rather than unduly delaying the case, the District Court has instructed Himchak on how to file a proper IFP application and has provided him with the necessary forms. We note that Himchak recently attempted to file a proper IFP application in April 2019, and we are fully confident that the District Court will rule on that application without undue delay, as it has with the other motions in Himchak's case.

Because Himchak has failed to raise any meritorious grounds for recusal of the District Judge or the Magistrate Judge, mandamus relief is not warranted on that issue. See generally 28 U.S.C. § 455 (recusal appropriate where reasonable person would question judge's impartiality); Liteky v. United States, 510 U.S. 540, 555 (1994) (adverse legal rulings are almost always insufficient to warrant recusal). Similarly, Himchak has

3

failed to show that mandamus relief is warranted on any of his remaining requests, including his requests to transfer venue, appoint counsel, and compel depositions and other discovery. See generally Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

Accordingly, we will deny the mandamus petition. In light of our disposition, Himchak's outstanding motions, including his motion to stay the proceedings and his motion to be relieved from the service requirement, are denied.